O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

Plaintiffs Roxanna Ramirez, M.J.H. (a minor)[1], and J. R.H. (a minor)[2] are the surviving family members of Adan Hernandez, Jr., an individual who died while incarcerated as a pretrial detainee in a Los Angeles County jail. Plaintiffs brought this action against Defendants County of Los Angeles ("County"), Sheriff Lee Baca, and various John Doe sheriff's deputies for violation of civil rights under 42 U.S.C. § 1983 and various state claims. Defendants County and Baca move this Court for an order dismissing them from this action or striking certain claims. For the following reasons, the motion is GRANTED in part and DENIED in part.

---

[1] Pursuant to Fed. R. Civ. P. 5.2, documents filed with the Court may identify minors only by their initials. Plaintiffs are ordered to comply with that rule in future filings.

[2] There is no allegation that Plaintiff Ramirez or anyone else has been appointed as a guardian ad litem for these minor children, nor is there any analysis of whether Ramirez would have a conflict of interest in the distribution of any recovery if she were to seek appointment as guardian ad litem. Moreover, it appears that Plaintiffs' counsel is either oblivious to or has chosen to ignore Fed. R. Civ. P. 17(c) and Local Rule 83-5. As the ensuing portions of this ruling will show, Plaintiffs are being given leave to file a Second Amended Complaint to cure the deficiencies described below. Unless Plaintiffs' counsel deals properly with the status of the minor Plaintiffs and any guardianship issues, he may not be permitted to continue to represent them. Thus, it is incumbent upon him to address these issues immediately. The Probate Department of the Los Angeles Superior Court assists minors in locating appropriate guardians for certain cases and may be reached at (213) 974-6320.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

## II.     BACKGROUND

The following facts are alleged in the First Amended Complaint ("FAC").  On July 12, 2010, Hernandez was arrested for allegedly kidnapping his wife. (FAC ¶ 18.)  After arraignment, Hernandez was detained at the Twin Towers Correctional Facility ("Twin Towers"), a Los Angeles County jail.  (FAC ¶ 19.)  While at the Twin Towers, Hernandez spoke to his father by phone to arrange for payment of bail and expressed confidence that he would be released soon.  (FAC ¶ 20.)

On July 15, 2010, at about 4:30 a.m., Hernandez's father received a phone call from the Los Angeles County Sheriff's Department ("LASD") informing him that Hernandez was hospitalized due to severe injuries.  (FAC ¶ 21.)  Hernandez's parents went immediately to the hospital but were turned away because they did not have authorization from a Twin Towers official for an inmate visit.  (*Id*.)

Hernandez's parents returned with other members of the family later that day and were eventually allowed to see Hernandez.  (FAC ¶ 22-23.)  An agent of LASD informed them Hernandez was involved in an accident at the Twin Towers.  (FAC ¶ 22.) Hernandez was suffering from a severe skull fracture and brain swelling as the result of a fall.  (FAC ¶ 22.)    Additionally, Hernandez's eye was heavily bruised and swollen shut.  (FAC ¶ 23.)  Hernandez died later that night.  (FAC ¶ 24.)

## III.     LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

## IV. DISCUSSION

Plaintiffs allege claims for violation of § 1983 and wrongful death against the County and Baca. Plaintiffs also allege claims against Baca under Cal. Civ. Code § 52.1, for intentional infliction of emotional distress ("IIED"), and negligence. The County and Baca are not included in Plaintiffs' fourth claim for battery.

As a preliminary matter, the Court denies the County's motion to dismiss. Although the motion asks the Court to dismiss the § 1983 claim against both Defendants, the motion papers address only the claim against Baca and do not mention grounds for dismissing the County. The motion also fails to address the wrongful death claim against the County. Instead, it argues that Plaintiffs have failed to state an IIED claim against the County, even though Plaintiffs have not included the County in the IIED claim. Thus, the County's motion to dismiss is denied, and the following discussion addresses only the claims against Baca.

### A. The Claims Are Alleged against Baca in His Individual Capacity

Plaintiffs do not specify in the FAC whether they are suing Baca in his individual or official capacity. Defendants correctly argue that where the capacity of a government official defendant is not specified, courts presume the official is being sued in his individual capacity. *See Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994). (Mot. 7.) Moreover, suits filed against officials in their official capacity are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Where, as here, a lawsuit names the local government entity, naming an officer of that entity in his official capacity is redundant. *See id*.

Plaintiffs concede they have sued Baca only in his individual capacity. (Opp. 15.) Thus, the Court construes all claims against Baca to be individual capacity claims.

### B. Plaintiffs Have Failed to Allege a Section 1983 Claim against Baca

Plaintiffs allege a Fourth Amendment § 1983 claim against Baca for excessive

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

force inflicted upon Hernandez.[3] Plaintiffs do not allege Baca personally used excessive force against Hernandez but instead allege a theory of supervisory liability. Defendants argue Plaintiffs fail to state a plausible claim under *Twombly* and *Iqbal* because the supervisory liability allegations against Baca are purely conclusory. (Mot. 10-11.)

A defendant may be held personally liable as a supervisor under § 1983 if there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The plaintiff need not allege that the supervisor was physically present when the injury occurred. *Id.* at 1205. Instead, the plaintiff may state a claim against a supervisor under a theory of "deliberate indifference." *Id*. at 1207. Deliberate indifference could include the supervisor's "'own culpable action or inaction in the training, supervision, or control of his subordinates,' 'his acquiescence in the constitutional deprivations of which the complaint is made,' or 'conduct that showed a reckless or callous indifference to the rights of others.'" *Id.* at 1205-1206.

The Ninth Circuit's decision in *Starr* dealt with allegations similar to those at issue here. In that case, the plaintiff sued Baca in his individual capacity under a supervisory liability theory for injuries he suffered in a Los Angeles County Jail. The plaintiff specifically mentioned in the operative complaint "numerous incidents in which inmates in Los Angeles County jails have been killed or injured because of the culpable actions of the subordinates of Sheriff Baca." 652 F.3d at 1216. The plaintiff also alleged that Baca was given notice of these incidents and failed to take action to protect inmates in his care. *Id.* The Ninth Circuit held that even under the *Twombly*/*Iqbal* standard, the allegations against Baca were sufficient. *Id*. The court stated two reasons for its holding: (1) the detailed factual allegations in Starr's complaint went "well beyond reciting the elements of a claim of deliberate indifference," and (2) the allegations were "plausible" because, unlike in *Iqbal*, there was no "obvious alternative explanation" for why Baca took no

---

[3] Although neither party raises this issue, it is likely that where the alleged excessive force occurred post-arraignment but prior to trial, as was the case here, the applicable constitutional provision is the Fourteenth Amendment, not the Fourth. Plaintiffs' counsel is directed to review Ninth Circuit Model Jury Instructions ("MJI") 9.22 and 9.27. Plaintiffs' counsel should pay close attention to the reference in MJI 9.27 to *Graham v. Connor*, 490 U.S. 286, 295 n.10 (1989). If counsel concludes that the proper "theory" is that there was a Fourteenth Amendment violation, the Second Amended Complaint should be drafted accordingly.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

action despite his knowledge of the constitutional violations occurring in his jails. *Id*. at 1216-1217.

Recently, in *Hydrick v. Hunter*, - - F.3d - -, 2012 WL 89157, 4 (9th Cir. 2012), the Ninth Circuit reaffirmed its holding *Starr.* The court made clear, however, that the decision in *Starr* was dependent on the numerous allegations describing *specific incidents* "where Sheriff Baca was on notice of inmate deaths and injuries . . . ." *Id.* at *3. In contrast, the defendants in *Hydrick* had made "no allegation of a specific policy implemented by the Defendants or a specific event or events instigated by the Defendants that led to these purportedly unconstitutional searches." *Id*. at *4. As a result, the Ninth Circuit held that the plaintiff had failed to allege supervisory liability claims. *Id.*

In this case, Plaintiffs make the following allegations in the FAC:

- Hernandez died of a severe head injury he received during the time he was detained in the Twin Towers. (FAC ¶¶ 22-24.)
- Agents of the LASD either severely beat Hernandez or caused him to fall, causing injuries that resulted in his death. (FAC ¶ 28).
- Agents of the LASD "routinely use excessive force on inmates." (FAC ¶ 13.)
- Baca knew or reasonably should have known of the routine use of excessive force and that these acts would be "likely to, and regularly did, result in severe injuries, including death, inflicting extreme anguish on the family members of the victims." (FAC ¶¶ 12, 17.)
- "[I]n spite of his awareness," Baca has refused to implement policy changes to prevent the use of excessive force and has enacted policies that prevent investigation of the allegations of abuse. (FAC ¶ 14-15.)
- Baca placed Hernandez under the custody and care of deputies who had documented propensities for unwarranted violence. (FAC ¶ 16.)

Like the defendants in *Hydrick*, Plaintiffs do not allege any specific past incidents of the use of excessive force by Baca's subordinates. Neither does Plaintiff allege any specific incident during which Baca was given notice of his subordinates' unconstitutional conduct. Plaintiffs' other allegations are generally conclusory recitals of the elements of a supervisory liability claim. *Hydrick* makes clear that without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

allegations describing specific incidents or policies, these allegations are not enough to survive the *Iqbal* standard of pleading for a supervisory liability. Thus, Plaintiff's § 1983 claim against Baca is dismissed with leave to amend.[4]

### C. Plaintiffs Have Failed to Allege a § 52.1 Claim against Baca

Section 52.1 creates a cause of action against any person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion," with the constitutional rights of an individual. Cal. Civ. Code § 52.1. Defendants argue Plaintiffs have failed to state a § 52.1 claim against Baca because they have not alleged facts showing Baca personally used threats, intimidation, or coercion. (MTD 12.) Defendants also argue that under Cal. Gov't. Code § 820.8, Baca may not be held individually liable for the acts of his subordinates

Plaintiffs contend that the basis for Baca's liability under § 52.1 is his failure to discipline or terminate deputies who used excessive force. (Opp. 11.) The Court agrees with Defendants that Baca's alleged inaction does not amount to the "threats, intimidation, or coercion" required by § 52.1.

The Court also finds that § 820.8 immunizes Baca from personal liability for the actions of LASD agents that allegedly violated state-based or state-created duties or laws.[5] Section 820.8 protects public employees from being held vicariously liable for the acts of others. *See County of Los Angeles v. Superior Court*, 181 Cal. App. 4th 218, 232 (Cal. App. 2d Dist. 2009) (holding district attorney is immune under § 820.8 from § 52.1 claim for actions of his investigators). Although, some cases have held that *respondeat superior* liability is available for § 52.1 claims pursuant to Cal. Gov't Code § 815.2(a), such liability attaches only to the County, not to an individual supervisor. *See, e.g.*, *Warner v. County of San Diego*, 2011 U.S. Dist. LEXIS 14312, at *12-13 (S.D. Cal. Feb.

---

[4] Given the longstanding, highly publicized, and mounting publicity about investigations into various facets of Sheriff Baca's stewardship of the County jail, it is likely that Plaintiffs will have little difficulty in achieving the requisite amount of particularity.

[5] Section 820.8 provides, in full, "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

14, 2011) (holding *County* can be liable under § 52.1 based on *respondeat superior* theory); *Ohlsen v. County of San Joaquin*, 2008 WL 2331996, at * 5 (E.D. Cal. June 4, 2008) (holding plaintiff prevailed on his § 52.1 claims against the *County* on a theory of respondeat superior based on sheriff's deputies' warrantless entry and arrest of plaintiff in his home).

Given that § 820.8 immunizes Baca from liability, Plaintiffs cannot salvage their § 52.1 against him by any amendment. Thus, the Court dismisses the § 52.1 claim against Baca with prejudice.

### D. Plaintiffs Have Alleged a Negligence Claim against Baca

Defendants contend Plaintiffs' negligence claim against Baca fails because Baca cannot be held liable for the negligent acts of his subordinates. The FAC, however, clearly alleges Baca himself acted negligently when he failed to protect inmates in spite of his awareness of the excessive force going on in his jails. Because Plaintiffs do not premise their negligence claim against Baca on any theory of vicarious liability, Defendants' arguments are inapposite.

Defendants also argue Baca is immune from the negligence claim under Cal. Govm't. Code § 820.2, which shields public employees from liability resulting from discretionary acts. The Court does not at this stage have any basis to find that Baca's alleged inaction in failing to assure the security and safety of inmates in his custody qualifies as a "discretionary act." As such, the Court denies Defendants' motion with respect to the negligence claim.

//
//
//

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

### E. **Plaintiffs Have Failed to Allege a Claim against Baca for Intentional Infliction of Emotion Distress**

The elements of an IIED claim are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . ." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (Cal. 1993) (citations and quotations omitted). "Outrageous conduct" must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* "The defendant must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" *Id.*

Plaintiffs argue that Baca engaged in "outrageous conduct" by "allowing ongoing and nearly unchecked violence in the jails," and this conduct was "directed at plaintiffs, decedent's immediately [sic] family, because by abandoning his supervisory obligations, Sheriff Baca is aware that deputy on inmate violence will cause severe emotional distress to the victim's family members." (Opp. 13.) Plaintiffs contend Baca's actions caused Hernandez's death and subjected Plaintiffs to the sight of Hernandez's grotesque appearance at the hospital. (Opp. 12-13.)

The facts in the FAC are insufficient to support an IIED claim against Baca. Although a supervisor's deliberate failure to act could constitute "outrageous conduct" depending on the extent of his knowledge and the severity of the reported abuse, the FAC does not allege enough detail to support such a finding here. The allegations are merely consistent with the *possibility* that Baca's conduct was outrageous, which is not enough to meet the *Twombly/Iqbal* pleading standard. *See Iqbal*, 129 S.Ct. at 1949. Thus, the Court dismisses the IIED claim against Baca with leave to amend.

Defendants also argue that the IIED claim against the County must be dismissed. As the Court previously noted, Plaintiffs have not included the County in the IIED claim.
//
//

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5370 AHM (MANx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | RAMIREZ V. COUNTY OF LOS ANGELES, ET AL. | | |

**F.    Plaintiffs Have Alleged a Wrongful Death Claim against Baca**

Defendants argue for dismissal of Plaintiff's wrongful death claim only on the basis that Plaintiffs have failed to properly allege a wrongful act on the part of Baca. Plaintiffs have alleged, however, that Baca was negligent and violated § 1983 by showing deliberate indifference to the excessive force occurring in his jails. Thus, the Court denies the motion with respect to the wrongful death claim.

**V.    CONCLUSION**

For the reasons state above, the Court GRANTS Defendants' motion in part and DENIES it in part. The Court dismisses Plaintiff's § 1983 and IIED claims against Baca with leave to amend. Plaintiffs' § 52.1 claim against Baca is dismissed with prejudice. The Court DENIES the motion to dismiss any claim alleged against the County and the negligence and wrongful death claims against Baca. If Plaintiffs seek to file a Second Amended Complaint consistent with this Court's rulings, they must do so within 21 days of the date of this Order. The Second Amended Complaint should redact the names of all minors in accordance with Fed. R. Civ. P. 5.2.

_____ : _____

Initials of Preparer